a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVESTER MARTIN,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-1212-P |
| VERSUS | CHIEF JUDGE DRELL |
| COLONEL TATE, ET AL.<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Sylvester Martin ("Martin") (#129262), who is proceeding *in forma papueris*. (Doc. 8). Martin complains that his constitutional rights were violated when he was placed in administrative segregation without due process of law and when his personal property was lost or stolen by Defendant Colonel Tate, Investigator Wallace, Sergeant Dixon, B. Futrell, and Warden Keith Deville.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Martin alleges that, on June 2, 2016, Defendants Col. Tate and Investigator Wallace caused Martin to be placed in administrative segregation without informing him of the reason, in violation of due process and prison regulations. (Doc. 1, p. 5).

Additionally, Col. Tate and Investigator Wallace would not allow Martin to pack his personal property to be inventoried and placed in a property room for

storage. (Doc. 1, p. 6). Instead, Martin's property was packed and picked up by Major McFarland. (Doc. 1, p. 6).

On June 10, 2016, Martin was released from administrative segregation without being convicted of a disciplinary violation or even facing the disciplinary board. Martin refused to sign for his property because some of his property was missing. (Doc. 1, p. 7). Martin filed a property claim with Defendant B. Futrell, which was denied. Ms. Neathery conducted a re-inventory of Martin's property, and listed the missing items. Martin filed a second property claim on July 6, 2016, which was also denied. (Doc. 1, p. 7).

Martin complains that Winn Correctional and its management group have a policy of placing offenders in administrative segregation without notice or formal process, which Martin claims violates his constitutional rights.

II.   Law and Analysis

   A.   Martin's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Martin is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Martin is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

> B. <u>Martin's placement in administrative segregation does not violate due process.</u>

Martin alleges that his placement in administrative segregation without being charged with, or convicted of, a disciplinary offense is a violation of prison rules and his constitutional rights. Martin's assertion that prison rules and regulations were broken in connection with his placement in administrative segregation does not state a constitutional claim. See <u>Jackson v. Cain</u>, 864 F.2d 1235, 1252 (5th Cir. 1989) (failure to follow procedural regulations does not establish a violation of due process).

Additionally, in <u>Sandin v. Connor</u>, the Supreme Court held that the plaintiff's placement in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. See <u>Sandin v. Connor</u>, 515 U.S. 472, 485–86 (1995). Since <u>Sandin</u>, the Fifth Circuit has consistently held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." See <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998) (citing <u>Pichardo v. Kinker</u>, 73 F.3d 612 (5th Cir. 1996)); <u>Luken v. Scott</u>, 71 F.3d 192 (5th Cir. 1995).

The Fifth Circuit has found that segregated confinement may be sufficiently "atypical" to implicate a due process liberty interest when a plaintiff was kept on lockdown status for 30 years. See <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 436 (5th Cir. 2003). However, placement in administrative segregation for 23 days was insufficient

to raise due process concerns. See Harper v. Goodwin, 162 F. App'x 304, 305 (5th Cir. 2006). Martin has not alleged such extraordinary circumstances regarding his eight days in administrative segregation that would be sufficient to state a constitutional claim.

### C.  Martin cannot state a constitutional claim for his lost property.

Martin complains that some of his personal property was missing when he was released from administrative segregation. The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV. However, the random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson, 468 U.S. at 532.

Louisiana law provides Martin with an adequate remedy for negligent or intentional actions by prison officials that caused Martin's property loss. Thus, Louisiana law provides an adequate remedy for Defendants' negligent action. See Marshall v. Norwood, 741 F.2d 761, 763 (5th Cir. 1984) (citing Brewer v. Blackwell, 692 F.2d 387, 394 (5th Cir. 1982)); McCrae v. Hankins, 720 F.2d 863, 869 (5th Cir. 1983).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Martin's complaint be DENIED and DISMISSED with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge